# UNITED STATES DISTRICT COURT

for the
**Western District of Kentucky**
**Bowling Green Division**

| | | |
|---|---|---|
| Roger Carroll | ) | |
|      *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No.  1:18-cv-112-GNS |
| | ) | |
| Midland Funding, LLC | ) | |
|      *Defendant* | ) | |
| Serve: | ) | |
|      Corporation Service Company | ) | |
|      421 West Main Street | ) | |
|      Frankfort, KY 40601 | ) | |
| | ) | |
| Midland Credit Management, Inc. | ) | |
| Serve: | ) | |
|      Corporation Service Company | ) | |
|      2900 SW Wanamaker Drive, Suite 204 | ) | |
|      Topeka, KS 66614 | ) | |
| | ) | |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action brought by Plaintiff Roger Carroll for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. § 1692k. Venue is proper because the nucleus of relevant facts and events that affected and/or damaged Plaintiff as a consumer occurred within Clinton County, Ky., which is located within this District.

### PARTIES

3.     Plaintiff Roger Carroll is a natural person who resides in Clinton County, Ky. and a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.     Defendant Midland Funding LLC ("Midland") is a Delaware limited liability company whose principal place of business is located at 3111 Camino Del Rio North, Suite 1300,

San Diego, CA 92108. Midland has registered with the Kentucky Secretary of State and is engaged in the business of purchasing defaulted consumer debts and collecting them from consumers in this state.

5.      Midland is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6.      Defendant Midland Credit Management, Inc. ("MCM") is a Kansas for-profit corporation whose principal place of business is located at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108 not registered with the Kentucky Secretary of State and engaged in the business of collecting debts on behalf of other legal entities including Midland Funding, LLC.

7.       MCM is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

8.      Like many of his fellow citizens, Plaintiff Roger Carroll ("Carroll") was profoundly negatively affected by the Great Recession of 2008 and incurred substantial negative economic effects and serious economic difficulties and struggles.

9.      As a result of his financial difficulties Mr. Carroll was unable to pay all of his debts and defaulted on some of his debts, including credit card debt that was charged off by the original creditor and subsequently purchased by Defendant Midland Funding, LLC ("Midland").

10.     On April 24, 2015, Midland filed a collection action against Mr. Carroll in the Clinton District Court of Clinton County, Kentucky under case number 15-C-00048 (the "Midland Lawsuit").

11.     The Midland Lawsuit was an attempt to collect a charged-off account originated by GE Capital Retail Bank ("GECRB"). A true and accurate copy of Midland's complaint is attached as Exhibit "A."

12.     The GECRB account was incurred for personal, family, or household purposes, which makes the GECRB account a "debt" for purposes of the FDCPA.

13.     On May 28, 2015, Midland moved for default judgment against Mr. Carroll in the

Midland Lawsuit.  Midland's motion included a proposed order awarding default judgment to Midland.

14.    On June 9, 2015, the Clinton District Court entered default judgment against Mr. Carroll in the Midland Lawsuit (the "Midland Default Judgment"). A true and accurate copy of the Midland Default Judgment is attached as Exhibit "B."

15.    The Midland Default Judgment provides in pertinent part:

No. 15-C-00048                                        CLINTON DISTRICT COURT
                                                                                    DIVISION

MIDLAND FUNDING LLC                                              PLAINTIFF

vs.                                            **JUDGMENT**

ROGER CARROLL                                                    DEFENDANT

* * * * * * * *

On Motion by the Plaintiff, and the above-captioned Defendant having been served with process, and having failed to plead or otherwise defend, it is adjudged by the Court that the Plaintiff recover of the Defendant the sum of $3,840.34, plus costs expended herein, until the Judgment is satisfied. There being no just reason for delay, this Judgment is final and appealable.

_____
JUDGE

_____
DATE

16.    While the Midland Default Judgment awards "court costs" to Midland, no amount of court costs is included or set forth in the Midland Default Judgment.

17.    Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse

on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

18.    The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

19.    If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

20.    Under Kentucky law, a bill of costs must be filed within a reasonable time after entry of judgment. *Brett v. Media Gen. Operations, Inc*., 326 S.W.3d 452, 460 (Ky. Ct. App. 2010).

21.    A "reasonable time" to file a Bill of Costs is no more than 30 days after judgment is entered. David V. Kramer and David W. Burleigh, 7 Ky. Practice, *Civil Procedure*, Rule 54.04 (online version accessed March 3, 2017).

22.    On July 9, 2015, the Midland Default Judgment became final and beyond appeal.

23.    On July 21, 2016, two years and twelve days *after* the Clinton District Court entered the Midland Default Judgment, Midland filed a Bill of Costs in the Midland Lawsuit (the "Midland Bill of Costs").

24.    A true and accurate copy of the Midland Bill of Costs is attached as Exhibit "C."

25.    Mr. Carroll recently reviewed a tri-merged credit report dated June 21, 2018 that included public-record data published by LexisNexis Risk Solutions Inc. ("LexisNexis").

26.    The public-record section of Mr. Carroll's tri-merged credit report included the Midland Default Judgment, which stated that that the outstanding judgment amount was $3,840.00.

27.    Mr. Carroll's tri-merged credit report also included a tradeline in connection with the same debt ("Midland Tradeline").

28.    The Midland Tradeline listed Midland Funding, LLC as the creditor, but information and belief, Defendant Midland Credit Management ("MCM") is the servicer of the underlying debt and furnished the credit information on Midland's behalf.

29.     MCM furnished negative credit information concerning Mr. Carroll and the GECRB account to one or more consumer reporting information for purposes of collecting a debt from her within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

30.     The Midland Tradeline falsely represents the amount of the debt at $4,023.00 instead of the $3,840.34 awarded to Midland in the Midland Default Judgment.

31.     The Midland Tradeline should have a $0.00 balance because, once the Midland Default Judgment was entered, the terms and conditions of GECRB account agreement merged into the judgment and ceased to otherwise exist.

32.     In other words, having elected the remedy of filing suit and obtaining the Midland Default Judgment, Midland lost the right to simultaneously keep reporting an open collection account on Mr. Carroll's credit report.

33.     MCM's reporting of the collection account associated with the GECRB account resulted in a double reporting of the same debt, owed to the same entity on Mr. Carroll's credit report: once in the public-record section of her credit report as a judgment and again as a collection account.

34.     Midland and/or MCM committed multiple violations of the FDCPA, including but not limited to (a) filing a Bill of Costs more than 30 days after the Midland Default Judgment was entered; (b) attempting to collect court costs it had no legal to recover from Mr. Carroll; (c) misrepresenting the amount of the judgment in the credit information MCM furnished concerning Mr. Carroll and the GECRB debt that MCM furnished to one or more consumer reporting agencies; (d) continuing to report a balance due on the Midland Tradeline after the Clinton Circuit Court entered the Midland Default Judgment; and (e) misrepresenting the post-judgment status of the GECRB account after the Clinton District Court rendered the Midland Default Judgment.

## CLAIMS FOR RELIEF

### I.     Claims against Midland Funding, LLC

35.     The foregoing acts and omissions of Defendant Midland Funding, LLC ("Midland") constitute violations of the FDCPA. Midland's violations of the FDCPA include, but are not limited to, the following:

**a.** Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in attempting to collect the GECRB credit card debt and

the Midland Judgment;

**b.**  Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the GECRB credit card debt in the Midland Tradeline;

**c.**  Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the amount and status of the GECRB credit card debt in the Midland Tradeline;

**d.**  Violation of 15 U.S.C. § 1692e(5) by collecting or attempting to collect costs and collection expenses which neither Midland nor MCM had a legal right to collect from Mr. Carroll, thus taking an action which cannot legally be taken;

**e.**  Violation of 15 U.S.C. § 1692e(8) by reporting positive amounts due and owing on the GECRB credit card debt in the Midland Tradeline, thus communicating credit information which is known or should be known to be false;

**f.**  Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect unauthorized costs and collection expenses from Mr. Carroll;

**g.**  Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

**h.**  Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts of costs and collection expenses which were neither authorized by the agreement creating the GECRB credit card debt nor permitted by law.

**II.     Claims against Midland Credit Management, Inc.**

37.    The foregoing acts and omissions of Defendant Midland Credit Management, Inc. ("MCM") constitute violations of the FDCPA. MCM's violations of the FDCPA include, but are not limited to, the following:

**a.**  Violation of 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in attempting to collection the GECRB credit card debt and the Midland Judgment;

**b.**  Violation of 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the GECRB credit card debt in the Midland Tradeline;

**c.**  Violation of 15 U.S.C. § 1692e(2)(B) by falsely representing the amount and status of the GECRB credit card debt in the Midland Tradeline;

**d.** Violation of 15 U.S.C. § 1692e(8) by reporting positive amounts due and owing on the GECRB credit card debt in the Midland Tradeline, thus communicating credit information which is known or should be known to be false;

**e.** Violation of 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect unauthorized costs and collection expenses from Mr. Carroll;

**f.** Violation of 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

**g.** Violation of 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts of costs and collection expenses which were neither authorized by the agreement creating the GECRB credit card debt nor permitted by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Roger Carroll requests that the Court grant him the following relief separately against Midland, and against MCM, for the liability each separately has against Plaintiff for their separate violations as follows:

1.   Award Plaintiff maximum statutory damages against each Defendant pursuant to the FDCPA;
2.   Award Plaintiff actual damages;
3.   Award Mr. Carroll reasonable attorney's fees and costs;
4.   A trial by jury; and
5.   Such other relief as may be just and proper.

Submitted by:

/s/ James R. McKenzie
James McKenzie
*James R. McKenzie Attorney*
*PLLC* James Hays Lawson
*Lawson At Law PLLC*

115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:     (502) 371-2179
Fax:     (502) 257-7309
jmckenzie@jmckenzielaw.com
hays@creditdefenseky.com